CEM
Case 1:08-cv-01000 Document 1 Filed 02/18/2008 Page 1 of 5
FILED
FEBRUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1000**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| THE BOLDT COMPANY | ) | **JUDGE SHADUR** |
| | ) | **MAGISTRATE JUDGE VALDEZ** |
| Defendant. | ) | |

### *COMPLAINT*

Now comes the Chicago Regional Council of Carpenters, by its attorneys, Whitfield McGann & Ketterman, and complains of the Defendant, The Boldt Company, as follows:

### Jurisdiction & Venue

1. This action arises under section 301 of the Taft-Hartley Act (29 U.S.C § 185) and jurisdiction is founded on the existence of questions arising thereunder. The principal office of the Plaintiff is located at 12 East Erie Street, Chicago, Illinois, in the District in which this action is brought. Accordingly, venue is proper in the Northern District of Illinois.

### Parties

2. The Chicago Regional Council of Carpenters is a labor organization as defined in 29 U.S.C §152 (5).

3. The Boldt Company is a corporation registered in the State of Illinois which is primarily engaged in the construction industry. The company's

principal office is located in Appleton, Wisconsin. However, the work in dispute is located in LaSalle County, Illinois.

## The Dispute

4. On October 18, 2007, Barry Scholz, the Director of Labor Relations for The Boldt Company sent a memorandum to the presidents of four international unions. General President Douglas McCarron of the United Brotherhood of Carpenters and Joiners of America was included among the recipients of the memorandum. (Exhibit A).

5. In the October 18, 2007 memorandum, The Boldt Company's Director of Labor Relations proposed an attached Wind Turbine Agreement for use throughout the United States.

6. The October 18, 2007 memorandum from The Boldt Company's Director of Labor Relations specifically referenced that Boldt wanted to introduce the proposed Wind Turbine Agreement at the Grand Ridge jobsite in LaSalle County, Illinois for purposes of the "foundation and erection packages."

7. In a letter dated October 30, 2007, the Executive Assistant to General President McCarron enclosed a copy of the fully executed Wind Turbine Agreement between the United Brotherhood of Carpenters and Joiners and The Boldt Company. (Exhibit B).

8. As a result of the UBC's acceptance of The Boldt Company's offer, the parties reached a binding collective bargaining agreement on October 30, 2007. (Exhibit C).

9. On November 1, 2007, The Boldt Company's Director of Labor Relations sent a memorandum to General President McCarron and three other

international union presidents attempting to rescind the Wind Turbine Agreement "effective immediately." (Exhibit D).

10. The November 1, 2007 memorandum from The Boldt Company's Director of Labor Relations was ineffective and had no legal effect because the UBC and The Boldt Company already had a binding and valid Wind Turbine Agreement.

11. As a result of its attempted rescission, The Boldt Company does not intend on employing carpenters for the installation of the wind turbines. This failure to use carpenter employees is a violation of the Wind Turbine Agreement.

12. In spite of the attempted rescission, The Boldt Company applied the terms and conditions of the Wind Turbine Agreement to the foundation work performed by carpenters at the Grand Ridge project. In fact, a member of the United Brotherhood of Carpenters and Joiners of America was dispatched by Local 195 on October 31, 2007 to work as a foreman on the Grand Ridge jobsite.

13. Moreover, Carpenters Local 195 Business Representative Gary Grabowski attended a pre-job conference for the foundation work, along with a millwright representative from Carpenters Local 2158. The pre-job conference is a requirement of Section 6.2 of the Wind Turbine Agreement.

14. Local 195 and Local 2158 are affiliated with the Chicago Regional Council of Carpenters. Millwright work is within the jurisdiction of the carpenters union. All local collective bargaining agreements are negotiated by the Chicago Regional Council of Carpenters. Furthermore, all local business representatives are employees of the Chicago Regional Council of Carpenters.

15. Section 1.2 of the Wind Turbine Agreement expressly states:

> The Employer agrees to comply with the contractual wages, fringe benefits, hours and other working conditions established between the "unions" affiliates and the employer or recognized employer agencies in the localities in which the company does any work within the jurisdiction of the "unions" unless otherwise modified by this agreement.

16. The Boldt Company is not signatory to an agreement with the Chicago Regional Council of Carpenters. Rather, the Chicago Regional Council of Carpenters is a third party beneficiary of the Wind Turbine Agreement executed by The Boldt Company and the United Brotherhood of Carpenters and Joiners of America.

17. The Wind Turbine Agreement contains a grievance procedure in Section 5.1 that applies to "all disputes arising out of work performed at covered projects."

18. On February 12, 2008, the Union requested the cooperation of The Boldt Company to proceed to arbitration in accord with the provisions of the Wind Turbine Agreement.

19. The Boldt Company has refused to proceed to arbitration over the issues of this dispute and, as a result, has now waived its right to exhaust administrative remedies under the Wind Turbine Agreement. Accordingly, this Court maintains proper jurisdiction to accord relief to the Chicago Regional Council of Carpenters.

20. The Chicago Regional Council of Carpenters has been required to employ the undersigned attorneys to compel The Boldt Company to comply with the terms and provisions of the Wind Turbine Agreement and, as a result, are entitled to reimbursement of attorney fees and cost incurred.

WHEREFORE, the Plaintiff Chicago Regional Council of Carpenters prays for the following:

      (a)    Compensatory damages for lost wages and benefits;

      (b)    Compensatory damages for lost dues and initiation fees;

      (c)    Attorney fees and court cost;

      (d)    Other relief which this court deems just and equitable.

Respectfully submitted,

CHICAGO REGIONAL COUNCIL OF CARPENTERS

/s/ Collins P. Whitfield

Collins P. Whitfield (#3004937)
Travis J. Ketterman (#6237433)
Whitfield McGann & Ketterman
Attorneys for Plaintiff
111 East Wacker Drive, Suite 2600
Chicago, Illinois  60601
(312) 251-9700 (312) 251-9701