IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:08-cv-1000 |
| ) | |
| THE BOLDT COMPANY ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, The Boldt Company ("Boldt"), by and through its attorneys, Krukowski & Costello, S.C., and as and for its Answer and Affirmative Defenses admits, denies, and alleges as follows:

### Jurisdiction and Venue

1.  Answering paragraph 1, Boldt admits an action seeking a declaration regarding the existence or non-existence of a Collective Bargaining Agreement arises under Section 301 of the Taft Hartley Act. With respect to the allegation that the Plaintiff's principal office is located in Chicago, Illinois, Boldt admits. With respect to the allegation that venue is proper in the Northern District of Illinois, Boldt admits. All remaining allegations are denied.

### Parties

2.  Answering paragraph 2, Boldt admits.

3.  Answering paragraph 3, Boldt admits the allegations, except denies that it is an Illinois Corporation.

## **The Dispute**

4. Answering paragraph 4, Boldt admits the allegations.

5. Answering paragraph 5, Boldt admits the allegations.

6. Answering paragraph 6, Boldt admits the allegations.

7. Answering paragraph 7, Boldt denies the allegations, and affirmatively states that Boldt's offer was withdrawn before the United Brotherhood of Carpenters & Joiners of America accepted the Wind Turbine Agreement and the remaining International Unions did not accept the Wind Turbine Agreement offered by Boldt on October 18, 2007, to the United Brotherhood of Carpenters & Joiners of America and, therefore, such document was not "fully executed."

8. Answering paragraph 8, Boldt denies the allegations.

9. Answering paragraph 9, Boldt admits that it sent a memorandum to General President McCarron, among others, which rescinded the offer related to the Wind Turbine Agreement and which speaks for itself. All remaining allegations are denied.

10. Answering paragraph 10, Boldt denies the allegations.

11. Answering paragraph 11, Boldt denies the allegations.

12. Answering paragraph 12, Boldt denies that it applied the terms and conditions of the Wind Turbine Agreement, and affirmatively alleges that it did employ carpenters dispatched through Local 195 to work at the Grand Ridge jobsite, and applied the terms of its existing local area agreement to those carpenters. All remaining allegations are denied.

13. Answering paragraph 13, Boldt admits the allegations, except denies that any pre-job conference was conduced pursuant to and/or required by any alleged Wind Turbine Agreement.

14. Answering paragraph 14, Boldt alleges a lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

15. Answering paragraph 15, Boldt admits that Section 1.2 of the proposed Wind Turbine Agreement contains language as alleged in paragraph 15, but denies any such Agreement was reached with Plaintiff. Boldt affirmatively states that the proposed Wind Turbine Agreement is a written document that speaks for itself.

16. Answering paragraph 16, Boldt admits that it is not a signatory to a Collective Bargaining Agreement with the Chicago Regional Council of Carpenters; however, Boldt admits that it is bound to a Collective Bargaining Agreement with the Chicago Regional Council of Carpenters on behalf of Carpenters Local 195 with effective dates of June 1, 2006, through May 31, 2009, by virtue of assigning its bargaining rights to the Illinois Valley Contractors Association. With respect to whether the allegation that the Chicago Regional Council of Carpenters is a third party beneficiary of the Wind Turbine Agreement, Boldt denies the allegation. All remaining allegations are denied.

17. Answering paragraph 17, Boldt admits that Section 5.1 of the proposed Wind Turbine Agreement contains language as alleged in paragraph 17, but denies any such agreement was reached with Plaintiff. Boldt affirmatively states that the proposed Wind Turbine Agreement is a written document that speaks for itself.

18. Answering paragraph 18, Boldt denies the allegations.

19. Answering paragraph 19, Boldt denies the allegations.

20. Answering paragraph 20, Boldt denies the allegations.

**ANSWER TO THE COMPLAINT'S PRAYER FOR RELIEF**

Boldt denies that the Plaintiff is entitled to any relief sought in the Complaint's Prayer For Relief. Boldt also denies each and every allegation of the Complaint and of the Prayer For Relief that is not specifically admitted or denied above.

**AFFIRMATIVE DEFENSES AND DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to sue.

4. Since there is no privity of contract, Plaintiff has no legal right to sue or enforce any alleged contractual rights under the Wind Turbine Agreement.

4. Plaintiff has failed to join necessary and indispensable parties, namely the United Brotherhood of Carpenter & Joiners of America, the International Association of Bridge, Structural, Ornamental and Reinforcing IronWorkers, the Laborer's International Union of North America, and the International Union of Operating Engineers.

5. There is a lack of consideration.

6. The extent to which the Plaintiff has failed to mitigate its damages, it is barred from recovering any relief from Boldt.

**PRAYER FOR RELIEF**

WHEREFORE, Boldt respectfully requests that the Court:

1. Dismiss the Complaint with prejudice and on the merits;

2. Award Boldt the cost and reasonable attorney fees incurred in this action;

3. Grant Boldt such other relief as the Court deems just and proper.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2008.

        KRUKOWSKI & COSTELLO, S.C.

        <u>s/Timothy G. Costello</u>
          Timothy G. Costello
          *Bar No. 90785890*
          Brian M. Radloff
          *Bar No. 1035980*
          7111 West Edgerton Avenue
          Milwaukee, WI 53220
          Telephone: (414) 423-1330
          Facsimile: (414) 423-8755
          E-Mail: tgc@kclegal.com
          E-Mail: bmr@kclegal.com

        ATTORNEYS FOR DEFENDANT
        THE BOLDT COMPANY

124053-91015/35