```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF      )
CARPENTERS,                      )
                                 )
                Plaintiff,       )
                                 )
     v.                          )    No.  08 C 1000
                                 )
BOLDT COMPANY,                   )
                                 )
                Defendant.       )
```

## MEMORANDUM ORDER

Boldt Company ("Boldt") has just filed its Answer and Affirmative Defenses ("ADs") to an action brought against it by Chicago Regional Council of Carpenters ("Carpenters Union"), which seeks relief under 29 U.S.C. §185.  This memorandum order is issued sua sponte because of some basic flaws in that responsive pleading.

To begin with, Boldt's counsel has failed to comply with this District Court's LR 10.1, whose obvious purpose is to enable the reader--whether opposing counsel or the court--to see just what is and what is not being placed in issue, without having to flip back and forth between separate documents.  Because Boldt's counsel must return to the drawing board in other respects, compliance with the LR in the later-required Amended Answer and ADs is expected.

Next, Answer ¶14 properly tracks the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the predicate for obtaining a deemed denial of the Carpenters Union's allegations in Complaint ¶14.

But having done so, Boldt's counsel then impermissibly add "and, therefore, denies same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in the same objective good faith that is required by Rule 11(b)? Accordingly the quoted phrase is stricken in that Answer ¶14.

Next, Answer ¶¶15 and 17 refer to the Wind Turbine Agreement relied on in the Complaint as "a written document that speaks for itself." That won't do--in that respect, see App. ¶3 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Finally, all of the ADs save one call for some current comments. Here they are:

    1. AD 1, which essentially sets out the equivalent of a Rule 12(b)(6) motion, really ignores the basic principle that governs ADs--see App. ¶5 to <u>State Farm</u>. When the Complaint's allegations are accepted as gospel, as is required for such purposes, Chicago Carpenters have stated a claim--hence AD 1 is stricken.

    2. ADs 2 through 5 pose different variations on a theme that should be addressed early on. Boldt's counsel are ordered to file an early motion addressing those defenses in a fleshed-out, rather than skeletal, form so

that Carpenters Union's counsel and this Court can determine what further submissions or proceedings are called for to speak to those issues.

     3.  AD 5 clearly poses an issue that cannot be addressed at this time, so it may continue intact.

Boldt's counsel are ordered to file a self-contained Amended Answer and ADs as called for by this memorandum order on or before April 16, 2008.  This Court leaves it to Boldt's counsel to determine whether the required supplemental filing in connection with the ADs can be presented within the same time frame.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date:  April 4, 2008