**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:08-cv-1000 |
| | ) | |
| THE BOLDT COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

---

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

---

NOW COMES the Defendant, The Boldt Company ("Boldt"), by and through its attorneys, Krukowski & Costello, S.C., and as and for its Amended Answer and Affirmative Defenses admits, denies, and alleges as follows:

**Jurisdiction and Venue**

1.      This action arises under section 301 of the Taft-Hartley Act (29 U.S.C. § 185) and jurisdiction in founded on the existence of questions arising thereunder.  The principal office of the Plaintiff is located at 12 Erie Street, Chicago, Illinois, in the District in which this action is brought.  Accordingly, venue is proper in the Northern District of Illinois.

**Answer:**  Answering paragraph 1, Boldt admits an action seeking a declaration regarding the existence or non-existence of a Collective Bargaining Agreement arises under Section 301 of the Taft Hartley Act.  With respect to the allegation that the Plaintiff's principal office is located in Chicago, Illinois, Boldt admits.  With respect to the allegation that venue is proper in the Northern District of Illinois, Boldt admits.  All remaining allegations are denied.

**Parties**

2.      The Chicago Regional Council of Carpenters is a labor organization as defined in 29 U.S.C. §152(5).

**Answer:**      Answering paragraph 2, Boldt admits.

3.      The Boldt Company is a corporation registered in the State of Illinois which is primarily engaged in the construction industry.  The company's principal office is located in Appleton, Wisconsin.  However, the work in dispute is located in LaSalle County, Illinois.

**Answer:**      Answering paragraph 3, Boldt admits the allegations, except denies that it is an Illinois Corporation.

**The Dispute**

4.      On October 18, 2007, Barry Scholz, the Director of Labor Relations for The Boldt Company sent a memorandum to the presidents of four international unions.  General President Douglas McCarron of the United Brotherhood of Carpenters and Joiners of America was included among the recipients of the memorandum. (Exhibit A).

**Answer:**      Answering paragraph 4, Boldt admits the allegations.

5.      In the October 18, 2007 memorandum, The Boldt Company's Director of Labor Relations proposed an attached Wind turbine Agreement for use throughout the United States.

**Answer:**      Answering paragraph 5, Boldt admits the allegations.

6.      The October 18, 2007 memorandum from The Boldt Company's Director of Labor Relations specifically referenced that Boldt wanted to introduce the proposed Wind Turbine Agreement at the Grand Ridge jobsite in LaSalle County, Illinois for purposes of the "foundation and erection packages."

**Answer:**      Answering paragraph 6, Boldt admits the allegations.

7.      In a letter dated October 30, 2007, the Executive Assistant to General President McCarron enclosed a copy of the fully executed Wind Turbine Agreement between the United Brotherhood of Carpenters and Joiners and The Boldt Company. (Exhibit B).

**Answer:**      Answering paragraph 7, Boldt denies the allegations, and affirmatively states that Boldt's offer was withdrawn before the United Brotherhood of Carpenters & Joiners of America accepted the Wind Turbine Agreement and the remaining International Unions did not accept the Wind Turbine Agreement offered by Boldt on October 18, 2007, to the United Brotherhood of Carpenters & Joiners of America and, therefore, such document was not "fully executed."

8.      As a result of the UBC's acceptance of The Boldt Company's offer, the parties reached a binding collective bargaining agreement on October 30, 2007. (Exhibit C).

**Answer:**      Answering paragraph 8, Boldt denies the allegations.

9.      On November 1, 2007, The Boldt Company's Director of Labor Relations sent a memorandum to General President McCarron and three other international union presidents attempting to rescind the Wind Turbine Agreement "effective immediately." (Exhibit D).

**Answer:**      Answering paragraph 9, Boldt admits that it sent a memorandum to General President McCarron, among others, which rescinded the offer related to the Wind Turbine Agreement.  All remaining allegations are denied.

10.      The November 1, 2007 memorandum from The Boldt Company's Director of Labor Relations was ineffective and had no legal effect because the UBC and The Boldt Company already had a binding and valid Wind Turbine Agreement.

**Answer:**      Answering paragraph 10, Boldt denies the allegations.

11.    As a result of its attempted rescission, The Boldt Company does not intend on employing carpenters for the installation of the wind turbines.  This failure to use carpenter employees is a violation of the Wind Turbine Agreement.

**Answer:**    Answering paragraph 11, Boldt denies the allegations.

12.    In spite of the attempted rescission, The Boldt Company applied the terms and conditions of the Wind Turbine Agreement to the foundation work performed by carpenters at the Grand Ridge project.  In fact, a member of the United Brotherhood of carpenters and Joiners of America was dispatched by Local 195 on October 31, 2007 to work as a foreman on the Grand Ridge jobsite.

**Answer:**    Answering paragraph 12, Boldt denies that it applied the terms and conditions of the Wind Turbine Agreement, and affirmatively alleges that it did employ carpenters dispatched through Local 195 to work at the Grand Ridge jobsite, and applied the terms of its existing local area agreement to those carpenters.  All remaining allegations are denied.

13.    Moreover, Carpenters Local 195 Business Representative Gary Grabowski attended a pre-job conference for the foundation work, along with a millwright representative from Carpenters Local 2158.  The pre-job conference is a requirement of Section 6.2 of the Wind Turbine Agreement.

**Answer:**    Answering paragraph 13, Boldt admits the allegations, except denies that any pre-job conference was conducted pursuant to and/or required by any alleged Wind Turbine Agreement.

14.    Local 195 and Local 2158 are affiliated with the Chicago Regional Council of Carpenters.  Millwright work is within the jurisdiction of the carpenters union.  All local

collective bargaining agreements are negotiated by the Chicago Regional Council of Carpenters. Furthermore, all local business representatives are employees of the Chicago Regional Council of Carpenters.

**Answer:**    Answering paragraph 14, Boldt alleges a lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

15.    Section 1.2 of the Wind Turbine Agreement expressly states:

> The Employer agrees to comply with the contractual wages, fringe benefits, hours and other working conditions established between the "unions" affiliates and the employer or recognized employer agencies in the localities in which the company does any work within the jurisdiction of the "unions" unless otherwise modified by this agreement.

**Answer:**    Answering paragraph 15, Boldt admits that Section 1.2 of the proposed Wind Turbine Agreement contains language as alleged in paragraph 15, but denies any such Agreement was reached with Plaintiff.

16.    The Boldt Company is not signatory to an agreement with the Chicago Regional Council of Carpenters.  Rather, the Chicago Regional Council of Carpenters is a third party beneficiary of the Wind Turbine Agreement executed by The Boldt Company and the United Brotherhood of Carpenters and Joiners of America.

**Answer:**    Answering paragraph 16, Boldt admits that it is not a signatory to a Collective Bargaining Agreement with the Chicago Regional Council of Carpenters; however, Boldt admits that it is bound to a Collective Bargaining Agreement with the Chicago Regional Council of Carpenters on behalf of Carpenters Local 195 with effective dates of June 1, 2006, through May 31, 2009, by virtue of assigning its bargaining rights to the Illinois Valley Contractors Association.  With respect to the allegation that the Chicago Regional Council of

Carpenters is a third party beneficiary of the Wind Turbine Agreement, Boldt denies the allegation.  All remaining allegations are denied.

17.     The Wind Turbine Agreement contains a grievance procedure in Section 5.1 that applies to "all disputes arising out of work performed at covered projects"

**Answer:**     Answering paragraph 17, Boldt admits that Section 5.1 of the proposed Wind Turbine Agreement contains language as alleged in paragraph 17, but denies any such agreement was reached with Plaintiff.

18.     On February 12, 2008, the Union requested the cooperation of The Boldt Company to proceed to arbitration in accord with the provisions of the Wind Turbine Agreement.

**Answer:**     Answering paragraph 18, Boldt denies the allegations.

19.     The Boldt Company has refused to proceed to arbitration over the issues of this dispute and, as a result, has now waived its right to exhaust administrative remedies under the Wind Turbine Agreement.  Accordingly, this Court maintains proper jurisdiction to accord relief to the Chicago Regional Council of Carpenters.

**Answer:**     Answering paragraph 19, Boldt denies the allegations.

20.     The Chicago Regional Council of Carpenters has been required to employ the undersigned attorneys to compel The Boldt Company to comply with the terms and provisions of the Wind Turbine Agreement and, as a result, are entitled to reimbursement of attorney fees and cost incurred.

**Answer:**     Answering paragraph 20, Boldt denies the allegations.

### ANSWER TO THE COMPLAINT'S PRAYER FOR RELIEF

Boldt denies that the Plaintiff is entitled to any relief sought in the Complaint's Prayer For Relief.  Boldt also denies each and every allegation of the Complaint and of the Prayer For Relief that is not specifically admitted or denied above.

### AFFIRMATIVE DEFENSES AND DEFENSES

1.    The extent to which the Plaintiff has failed to mitigate its damages, it is barred from recovering any relief from Boldt.

### PRAYER FOR RELIEF

WHEREFORE, Boldt respectfully requests that the Court:

1.    Dismiss the Complaint with prejudice and on the merits;

2.    Award Boldt the cost and reasonable attorney fees incurred in this action;

3.    Grant Boldt such other relief as the Court deems just and proper.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2008.

KRUKOWSKI & COSTELLO, S.C.

s/Timothy G. Costello
    Timothy G. Costello
    *Bar No. 90785890*
    Brian M. Radloff
    *Bar No. 1035980*
    7111 West Edgerton Avenue
    Milwaukee, WI 53220
    Telephone: (414) 423-1330
    Facsimile: (414) 423-8755
    E-Mail: tgc@kclegal.com
    E-Mail: bmr@kclegal.com

ATTORNEYS FOR DEFENDANT
THE BOLDT COMPANY

124320
91015/35

7